# Exhibit A

**From:** Morse, Trent M. EOP/WHO <Trent.M.Morse@who.eop.gov>
**Sent:** Tuesday, March 18, 2025 4:24:42 PM
**To:** Slaughter, Rebecca <rslaughter@ftc.gov>
**Subject:** Message from PPO

Dear Rebecca,

On behalf of President Donald J. Trump, please see the letter below.

Trent Morse

Deputy Director

Presidential Personnel

\*     \*     \*

I am writing to inform you that you have been removed from the Federal Trade Commission, effective immediately.

In Myers v. United States, 272 U.S. 52 (1926), the Supreme Court recognized that Article II of the Constitution gives the President an "unrestricted" power of "removing executive officers who had been appointed by him by and with the advice and consent of the Senate." Id. at 176. In Humphrey's Executor v. United States, 295 U.S. 602 (1935), the Supreme Court created an exception to that rule. The Court held that Congress may "forbid the[] removal except for cause" of members of the FTC—as that Commission was understood in 1935—on the ground that the FTC exercised merely "quasi-legislative or quasi-judicial powers" and thus could be required to "act in discharge of their duties independently of executive control." Id. at 628–629.

The Supreme Court has made clear that the holding of Humphrey's Executor embodies a narrow "exception" to the "unrestricted removal power" that the President generally has over principal executive officers and that the exception represents "'the outermost constitutional limit[] of permissible congressional restrictions'" on the President's authority to remove such officers. Seila Law LLC v. Consumer Fin. Protection Bureau, 591 U.S. 197, 215, 218 (2020) (citation omitted). Further, the Supreme Court has held, the holding of Humphrey's Executor applies only to administrative bodies that do not exercise "substantial executive power." Id. at 218–219. The Supreme Court has also explained that Humphrey's Executor appears to have misapprehended the powers of the "New Deal-era FTC" and misclassified those powers as primarily legislative and judicial. Id. at 218.

The exception recognized in Humphrey's Executor does not fit the principal officers who head the FTC today. As presently constituted, the FTC exercises substantial executive power. The FTC issues subpoenas, 15 U.S.C. § 49, promulgate binding rules, id. §§ 46, 57a, imposes injunctions on private parties, id. § 53, and issues final decisions in administrative adjudications, id. § 45(g). Indeed, the FTC "enforces a variety of antitrust and consumer protection laws affecting virtually every area of commerce[.]" FTC, What the FTC Does, https://www.ftc.gov/news-events/media-resources/what-ftc-does (Mar. 17, 2025). This includes laws "prohibiting unfair methods of competition" and "deceptive acts or practices in or affecting commerce," 15 U.S.C. § 45(a), portions of the Clayton Act, id. § 13(a), and many additional statutes, see, e.g., id. §§ 45b, 45f, 7803. An independent agency of this kind has "no basis in history and no place in our constitutional structure." Seila Law, 591 U.S. at 220; see id. at 222 & n.8.

Your continued service on the FTC is inconsistent with my Administration's priorities. Accordingly, I am removing you from office pursuant to my authority under Article II of the Constitution.