UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, and ALVARO M. BEDOYA, in his official and personal capacities,<br><br>     *Plaintiffs,*<br><br>  v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, ANDREW N. FERGUSON, in his official capacity as Chair of the Federal Trade Commission, MELISSA HOLYOAK, in her official capacity as Commissioner of the Federal Trade Commission, and DAVID B. ROBBINS, in his official capacity as the Executive Director of the Federal Trade Commission,<br><br>     *Defendants.* | Case No. 25 Civ. 909<br><br>Judge Loren L. AliKhan |

## PLAINTIFFS' STATEMENT OF MATERIAL FACTS NOT IN DISPUTE

Pursuant to Local Rule 7(h), Plaintiffs hereby submit this Statement of Material Facts Not in Dispute in conjunction with their Motion for Expedited Summary Judgment.

1. In 2018, the Senate had the opportunity to consider a full slate of five FTC Commissioners, nominated by President Trump. The nominees included Republicans Joseph Simons, Noah Phillips, and Christine Wilson, and Democrats Rohit Chopra and Plaintiff Rebecca Kelly Slaughter. Declaration of Plaintiff Commissioner Rebecca Kelly Slaughter ("Slaughter Decl.") ¶ 1.

2. The U.S. Senate unanimously confirmed Commissioner Slaughter on April 26, 2018, and she was sworn in on May 2, 2018. Slaughter Decl. ¶ 2.

3. President Trump exercised his authority to designate Commissioner Joseph Simons as Chair on the day he was sworn in, replacing Acting Chair Maureen K. Ohlhausen, whom

President Trump had designated as Acting Chair upon his taking office in January 2017. Slaughter Decl. ¶ 3.

4. When President Biden took office in January 2021, he named Commissioner Slaughter Acting Chair of the FTC, a role she held until the day Lina Khan was confirmed by the Senate and named Chair by President Biden in June 2021. Slaughter Decl. ¶ 4.

5. President Biden renominated Commissioner Slaughter on February 13, 2023. Slaughter Decl. ¶ 5.

6. The Senate unanimously confirmed her again on March 7, 2024, approving another bipartisan slate that included two Republican Commissioners, Defendants Ferguson and Holyoak. Slaughter Decl. ¶ 6.

7. Commissioner Slaughter's second term expires on September 25, 2029. Slaughter Decl. ¶ 7.

8. On September 12, 2021, President Biden announced his nomination of Plaintiff Alvaro M. Bedoya, a Democrat, to serve as an FTC Commissioner. Declaration of Plaintiff Commissioner Alvaro M. Bedoya ("Bedoya Decl.") ¶ 1.

9. The Senate confirmed Commissioner Bedoya on May 11, 2022, with Vice President Harris casting the tiebreaking vote after the Senate was divided along party lines. Bedoya Decl. ¶ 2.

10. Commissioner Bedoya was sworn in on May 16, 2022, to a term that expires on September 25, 2026. Bedoya Decl. ¶ 3.

11. Commissioners Slaughter and Bedoya are Democrats. Slaughter Decl. ¶ 1; Bedoya Decl. ¶ 4.

12. President Biden nominated Defendant Andrew Ferguson, a Republican, to serve as FTC Commissioner on July 11, 2023. Slaughter Decl. ¶ 9.

13. On September 20, 2023, Defendant Andrew Ferguson testified in connection with his nomination before the Senate Committee on Commerce, Science, and Transportation, and, when asked about *Humphrey's Executor* and the independence of the FTC, he explained:

> If confirmed as an FTC Commissioner, I will abide by binding Supreme Court precedent.  The Supreme Court has held that the FTC's removal provisions are consistent with Article II of the Constitution.  *See Humphrey's Executor v. United States*, 295 U.S. 602 (1935).  Although subsequent decisions have drawn *Humphrey's Executor* into question, *see, e.g., Collins v. Yellen*, 141 S. Ct. 1761 (2021); *Seila Law LLC v. Consumer Financial Protection Bureau*, 140 S. Ct. 2183 (2020), the Supreme Court has instructed time and again that "'it is [the Supreme] Court's prerogative alone to overrule one of its precedents,'" *Bosse v. Oklahoma*, 580 U.S. 1, 3 (2016) (quoting *United States v. Hatter*, 532 U.S. 557, 567 (2001)).  The Supreme Court's "decisions remain *binding precedent* until [it] see[s] fit to reconsider them, regardless of whether subsequent cases have raised doubts about their continuing validity." *Hohn v. United States*, 524 U.S. 236, 252–53 (1998).

Andrew Ferguson, Senate Committee on Commerce, Science and Transportation, Democratic Questions for the Record, 2 (Sept. 20, 2023) (alternations and emphasis original), *available at* https://www.commerce.senate.gov/services/files/05B6F295-7EAC-494E-986A-FF966EA875EA.

14. Immediately following his inauguration on Jan. 20, 2025, President Trump designated Commissioner Ferguson Chair of the FTC.  Slaughter Decl. ¶ 10.

15. On March 17, 2025, Defendant Ferguson appeared on the Bloomberg.com podcast *Odd Lots*, and he commented on the "benefits in certain circumstances to having multi-member agencies with people from both parties," explaining: "I mean, look, if you have an agency that is exceeding the law, abusing the companies that it purports to regulate, it's helpful for markets, for Courts, for litigants, for government transparency, to have people on the other party pointing this out and saying it in dissents.  You know, I wrote 400 plus pages of dissents during my time as a minority commissioner, I think that that adds value." *Odd Lots: FTC Chief Andrew Ferguson on the Trump Vision for Antitrust*, Bloomberg.com (Mar. 17, 2024), *available at* https://www.bloomberg.com/news/audio/2025-03-17/ftc-chair-andrew-ferguson-on-maga-antitrust.

16. On March 18, 2025, Commissioners Slaughter and Bedoya each received identical

email messages from Deputy Director of Presidential Personnel Trent Morse purporting to remove them as FTC Commissioners because their "continued service on the FTC is inconsistent with [the] Administration's priorities."  Slaughter Decl. ¶ 11 & Ex. A; Bedoya Decl. ¶ 6.

17.     During the tenures of Commissioners Slaughter and Bedoya, the FTC has taken significant actions in service of the Commission's statutory mission with respect to some of the nation's largest corporations.  Slaughter Decl. ¶ 8; Bedoya Decl. ¶ 5.

   a. For example, the FTC issued a report to Congress in May 2021 detailing how repair restrictions imposed by manufacturers hurt small businesses and consumers.  Slaughter Decl. ¶ 8a; *see* Federal Trade Commission, *Nixing the Fix: an FTC Report to Congress on Repair Restrictions* (May 2021), *available at* https://www.ftc.gov/system/files/documents/reports/nixing-fix-ftc-report-congress-repair-restrictions/nixing_the_fix_report_final_5521_630pm-508_002.pdf.

   b. On May 31, 2023, the FTC charged Amazon with violating the Children's Online Privacy Protection Act Rule by keeping Alexa voice recordings in perpetuity and ignoring parents' deletion requests.  Slaughter Decl. ¶ 8b; The Commission ordered Amazon to delete the children's data and implement new privacy safeguards.  Slaughter Decl. ¶ 8a; *see FTC and DOJ Charge Amazon with Violating Children's Privacy Law by Keeping Kids' Alexa Voice Recordings Forever and Undermining Parents' Deletion Requests*, Fed. Trade Comm'n (May 31, 2023), https://www.ftc.gov/news-events/news/press-releases/2023/05/ftc-doj-charge-amazon-violating-childrens-privacy-law-keeping-kids-alexa-voice-recordings-forever.

   c. On July 9, 2024, the FTC issued a staff report detailing how the six largest

pharmacy benefit managers (PBMs) artificially boosted their profits by systematically steering customers to higher priced insulin products. Slaughter Decl. ¶ 8c; *see* Federal Trade Commission, *FTC Releases Interim Staff Report on Prescription Drug Middlemen* (July 9, 2024), *available at* https://www.ftc.gov/news-events/news/press-releases/2024/07/ftc-releases-interim-staff-report-prescription-drug-middlemen.

d. On September 19, 2024, the FTC issued a report detailing how some of the largest social media and streaming companies—including Amazon.com, Inc.; ByteDance Ltd., which owns TikTok; Discord Inc.; Meta Platforms, Inc.; YouTube LLC; and X Corp—have surveilled consumers, monetizing the personal information of their users, especially children and teenagers. Slaughter Decl. ¶ 8d; *see* Federal Trade Commission, *FTC Staff Report Finds Large Social Media and Video Streaming Companies Have Engaged in Vast Surveillance of Users with Lax Privacy Controls and Inadequate Safeguards for Kids and Teens* (Sept. 19, 2024), *available at* https://www.ftc.gov/news-events/news/press-releases/2024/09/ftc-staff-report-finds-large-social-media-video-streaming-companies-have-engaged-vast-surveillance.

e. On January 14, 2025, the FTC issued another staff report detailing how the three major PBMs charge markups for medications treating cancer, HIV, and other critical diseases. Slaughter Decl. ¶ 8e; *see* Federal Trade Commission, *FTC Releases Second Interim Staff Report on Prescription Drug Middlemen* (Jan. 14, 2025), *available at* https://www.ftc.gov/news-events/news/press-releases/2025/01/ftc-releases-second-interim-staff-report-prescription-drug-middlemen.

   f. On April 14, 2025, the FTC is scheduled to go to trial against Meta Platforms, Inc., in a suit that alleges Meta accumulated and maintained illegal monopoly power over social networking through its acquisitions of Instagram and WhatsApp. Slaughter Decl. ¶ 8f; *see FTC v. Meta Platforms, Inc.*, 1:20-cv-03590-JEB (D.D.C. filed Dec. 09, 2020).

18. Shortly after the March 18 email that purported to remove them, Commissioners Slaughter and Bedoya were cut off from their email access, access to government servers and electronic files, and asked to return their technology equipment. Slaughter Decl. ¶ 12; Bedoya Decl. ¶ 7.

19. Plaintiffs have been denied access to their offices and their staff members have all been placed on administrative leave or reassigned to other offices in the agency; they are now listed as "Former Commissioners" on the FTC website, indicating their "time in office" ended on March 18, 2025. Slaughter Decl. ¶ 13; Bedoya Decl. ¶ 8; *see* Federal Trade Commission, *Former Commissioners*, *available at* https://www.ftc.gov/about-ftc/commissioners-staff/former-commissioners (last accessed April 1, 2025).

20. As a result of these actions, Commissioners Slaughter and Bedoya have been unable to fulfill their duties as duly appointed FTC Commissioners with years remaining in their terms of service. Slaughter Decl. ¶ 14; Bedoya Decl. ¶ 9.

21. The actions described in paragraphs 18 and 19 can have been taken only at the direction of Defendant Chairman Ferguson and Defendant David Robbins, in his capacity as Executive Director of the FTC. Defendant Commissioner Holyoak has also acquiesced in these same actions. Slaughter Decl. ¶ 15; Bedoya Decl. ¶ 10.

22. If this Court were to grant relief that would require Defendants named in the prior paragraph to permit them to do so, Commissioners Slaughter and Bedoya would be able to fulfill

their duties as  duly appointed FTC Commissioners.  Slaughter Decl. ¶ 16; Bedoya Decl. ¶ 11.

23. Since the purported removal of Commissioners Slaughter and Bedoya, only two FTC Commissioners—Republican Chair Ferguson and Commissioner Holyoak—have been able to perform their duties.  Slaughter Decl. ¶ 17.

24. President Trump recently nominated a third Republican, Mark Meador, to serve as Commissioner, Mark Meador.  *See* Nomination of Mark Meador for Federal Trade Commission, 119th Congress (2025-2026), PN12-29, 119th Cong. (2025), *available at* https://www.congress.gov/nomination/119th-congress/12/29.  He was confirmed by the Senate on April 10, 2025.

25. Neither President Trump's email message, nor any other communication from him, has sought to justify Plaintiffs' removal on the ground that either of them committed any inefficiency, neglect of duty, or malfeasance, and Plaintiffs have not committed any inefficiency, neglect of duty, or malfeasance.  Slaughter Decl. ¶ 18; Bedoya Decl. ¶ 12.

Dated: April 11, 2025                    Respectfully submitted,

CLARICK GUERON REISBAUM LLP

By: /s/ Aaron Crowell
Aaron Crowell (*admitted pro hac vice*)
Gregory A. Clarick (*admitted pro hac vice*)
David Kimball-Stanley (*admitted pro hac vice*)
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: (212) 633-4310
acrowell@cgr-law.com
gclarick@cgr-law.com
dkimballstanley@cgr-law.com

THE PROTECT DEMOCRACY PROJECT, INC.

Benjamin L. Berwick (D.D.C. Bar No. MA0004)
15 Main Street, Suite 312
Watertown, MA 02472
Tel.: (202) 579-4582
ben.berwick@protectdemocracy.org

Amit Agarwal (D.C. Bar No. 90002013)
Beau Tremitiere (*admitted pro hac vice*)
2020 Pennsylvania Ave. NW, Suite # 163
Washington DC 20006
Tel.: (202) 579-4582
amit.agarwal@protectdemocracy.org
beau.tremitiere@protectdemocracy.org

Jared F. Davidson (*admitted pro hac vice*)
3014 Dauphine Street, Suite
J New Orleans, LA 70117
Tel.: (202) 579-4582
jared.davidson@protectdemocracy.org

*Attorneys for Plaintiffs*
*Rebecca Kelly Slaughter and Alvaro M. Bedoya*