UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, and ALVARO M. BEDOYA, in his official and personal capacities,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, ANDREW N. FERGUSON, in his official capacity as Chair of the Federal Trade Commission, MELISSA HOLYOAK, in her official capacity as Commissioner of the Federal Trade Commission, and DAVID B. ROBBINS, in his official capacity as the Executive Director of the Federal Trade Commission,<br><br>*Defendants.* | Case No. 25 Civ. 909<br><br>Judge Loren L. AliKhan |

## RESPONSE TO DEFENDANTS' NOTICE OF SUPPLEMENTAL AUTHORITY

Defendants' Notice (Doc. 44) errs in asserting that "the Supreme Court's stay" in *Wilcox* and *Harris* "counsels against issuance of the relief Plaintiffs seek here."

The stay order "is not a decision on the merits of the underlying legal issues" in *Wilcox* and *Harris*, *Ind. State Police Pension Tr. v. Chrysler*, 556 U.S. 960, 960 (2009), much less this case. And, in any event, the Court expressly declined to decide the constitutionality of removal protections for the NLRB or MSPB. *See* Order at 1. Indeed, to the extent the Order suggests these agencies may exercise "considerable executive power," the Order then states that those agencies may ultimately fall into a recognized exception allowing removal protections, *see id.*, contrary to Defendants' argument here that wielding executive power ends the analysis, *see* Doc. 43 at 10. Finally, of course, the FTC is not the NLRB or MSPB: among other things, the Supreme Court unanimously upheld the FTC Act's for-cause removal provision in a still-binding

1

precedent, *see, e.g.*, Doc. 38 at 3-16, and the 111-year-old FTC also has a "distinct historical tradition," *see* Order at 2.

In addition, even if Defendants had met their burden of establishing that post-1935 amendments to the FTC Act rendered the FTC's removal protections unconstitutional—and they have not, *see* Doc. 38 at 12-16; Doc. 43 at 17—the "require[d]" remedy would be to sever the offending amendments, not to reach back in time and invalidate and the removal provision that was "vital[]" to Congress's design of the FTC.  Doc. 38 at 27-30.  The Court's stay order is irrelevant to this analysis.

Regarding remedies, the stay order implicitly rejects Defendants' extreme theory that the judiciary is powerless to grant meaningful relief: the Court's statements regarding removal protections for the Federal Reserve presupposes the availability of judicial relief, lest that protection be illusory.  Moreover, the Order does not suggest that a court lacks authority to grant effective *relief* in cases regarding the removal of federal officials; the Order simply concludes that a *stay* is appropriate under the facts presented in *Harris* and *Wilcox*.

Dated: May 23, 2025

Respectfully submitted,

CLARICK GUERON REISBAUM LLP

By: _____/s/ Aaron Crowell_____
Aaron Crowell (*admitted pro hac vice*)
Gregory A. Clarick (*admitted pro hac vice*)
David Kimball-Stanley (*admitted pro hac vice*)
41 Madison Avenue, 23rd Floor
New York, NY 10010
Tel.: (212) 633-4310
acrowell@cgr-law.com
gclarick@cgr-law.com
dkimballstanley@cgr-law.com

Protect Democracy Project, Inc.

Benjamin L. Berwick (D.D.C. Bar No. MA0004) 15 Main Street, Suite 312
Watertown, MA 02472
Tel.: (202) 579-4582
ben.berwick@protectdemocracy.org

Amit Agarwal (D.C. Bar No. 90002013)
Beau Tremitiere (*admitted pro hac vice*)
2020 Pennsylvania Ave. NW, Suite # 163
Washington, DC 20006
Tel.: (202) 579-4582
amit.agarwal@protectdemocracy.org
beau.tremitiere@protectdemocracy.org

Jared F. Davidson (*admitted pro hac vice*)
3014 Dauphine Street,
Suite New Orleans, LA
70117 Tel.: (202) 579-582
jared.davidson@protectdemocracy.org

*Attorneys for Plaintiffs Rebecca Kelly Slaughter and Alvaro M. Bedoya*

3