UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, et al.,<br><br>*Plaintiffs,*<br><br>v.<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, et al.,<br><br>*Defendants.* | Case No. 25 Civ. 909<br><br>Judge Loren L. AliKhan |

## SUPPLEMENTAL DECLARATION OF ALVARO M. BEDOYA

I, Alvaro M. Bedoya, declare as follows:

1. On May 16, 2022, I was sworn in as a Commissioner on the Federal Trade Commission to a term that expires on September 25, 2026.

2. On March 18, 2025, I received an email from White House Deputy Director of Presidential Personnel Trent Morse, which conveyed a message from President Trump purporting to remove me from my position as FTC Commissioner. The email I received is identical to the message Commissioner Slaughter received at the same time. *See* Declaration of Rebecca Kelly Slaughter, Exhibit A.

3. Shortly after I received the March 18 email, I was cut off from my government email access and asked to return my technology equipment.

4. Since March 18, I have been denied access to my files and my staff members have all been placed on administrative leave or reassigned to other offices in the agency. I am now listed among the "Former Commissioners" on the FTC website, indicating my "time in office" ended on March 18, 2025. Federal Trade Commission, *Former Commissioners, available at* https://www.ftc.gov/about-ftc/commissioners-staff/former-commissioners (last accessed June 9,

2025).

5. As a result of these actions, I have been unable to fulfill my duties as a duly appointed and Senate-confirmed FTC Commissioner with over a year remaining in my term of service.

6. On April 11, 2025, Plaintiff Commissioner Slaughter and I filed this action challenging Defendants' attempted illegal removals without cause in violation of 15 U.S.C. § 41. Plaintiffs asked this Court to grant all "appropriate relief," including certain specified declaratory and injunctive relief and relief in the nature of mandamus. *See* Doc. 1 at 18-19, paragraphs (a)-(d).

7. As a result of Defendants' actions, I have been denied the wages, benefits, and resources to which I am legally entitled as an FTC Commissioner.

8. For personal reasons, I can no longer afford to go without any source of income for my family. Applicable rules and regulations limit an FTC Commissioner's ability to accept other employment while serving on the Commission. *See, e.g.*, 15 U.S.C. § 41 ("No Commissioner shall engage in any other business, vocation, or employment."). In addition, even assuming I would not be deemed an FTC Commissioner for purposes of such rules and regulations for the duration of this litigation, my acceptance of other employment during the pendency of this litigation could give rise to an appearance of impropriety or to actual or perceived conflicts of interest.

9. Accordingly, and out of an abundance of caution, I formally resigned my position as a Commissioner of the FTC on June 9, 2025.

10. I remain one of two Plaintiffs in this case. I continue to seek any and all relief appropriate in light of my new circumstances, including a declaratory ruling from this Court recognizing that the President's "purported termination" without cause in violation of the FTC Act's for-cause removal requirement was "unlawful," that I was a "Commissioner[] of the Federal Trade Commission" until the date of my formal resignation, and that I was and am entitled to be

"treat[ed]" as if I had been an FTC Commissioner until the date of my formal resignation, as well as any related injunctive relief. *See* Doc. 1 at 18-19, paragraphs (a)-(d).

I declare under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing is true and correct.

Executed in Washington, D.C. on June 9, 2025.

Alvaro M. Bedoya