UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br> DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*., <br><br> *Defendants.* | Case No. 1:25-cv-00909-LLA |

**<u>DEFENDANTS' SUPPLEMENTAL STANDING BRIEF</u>**

**TABLE OF CONTENTS**

INTRODUCTION ...........................................................................................................................1

LEGAL STANDARDS ..................................................................................................................1

ARGUMENT ..................................................................................................................................3

I.      Bedoya's Resignation Deprives this Court of Subject-Matter Jurisdiction to Issue Injunctive Relief as to Bedoya. ..........................................................................................3

II.     Bedoya's Resignation Precludes Declaratory Relief. ........................................................5

III.    Because Bedoya Seeks Only Injunctive and Declaratory Relief, which this Court Cannot Provide, His Claims Should Be Dismissed. ...........................................................7

CONCLUSION ................................................................................................................................8

## TABLE OF AUTHORITIES

**CASES**

*Ali v. Rumsfeld*,
  649 F.3d 762 (D.C. Cir. 2011) ................................................................................................6

*Am. Bar Ass'n v. FTC*,
  636 F.3d 641 (D.C. Cir. 2011) ................................................................................................5

*Arizonans for Off. Eng. v. Arizona*,
  520 U.S. 43 (1997) ..................................................................................................................2

*Auster v. Ghana Airways Ltd.*,
  514 F.3d 44 (D.C. Cir. 2008) .......................................................................................1, 2, 4, 7

*City of Houston v. Dep't of Hous. & Urb. Dev.*,
  24 F.3d 1421 (D.C. Cir. 1994) ................................................................................................7

*City of Los Angeles v. Lyons*,
  461 U.S. 95 (1983) ..................................................................................................................5

*Clapper v. Amnesty Int'l USA*,
  568 U.S. 398 (2013) ................................................................................................................2

*Clarke v. United States*,
  915 F.2d 699 (D.C. Cir. 1990) ................................................................................................4

*Dearth v. Holder*,
  641 F.3d 499 (D.C. Cir. 2011) ................................................................................................5

*Fla. Audubon Soc'y v. Bentsen*,
  94 F.3d 658 (D.C. Cir. 1996) ..................................................................................................4

*Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*,
  528 U.S. 167 (2000) ................................................................................................................3

*Genesis Healthcare Corp. v. Symczyk*,
  569 U.S. 66 (2013) ..................................................................................................................2

*Golden v. Zwickler*,
  394 U.S. 103 (1969) ................................................................................................................5

*Haase v. Sessions*,
  835 F.2d 902 (D.C. Cir. 1987) ............................................................................................5, 6

*Hall v. CIA*,
  437 F.3d 94 (D.C. Cir. 2006) ..................................................................................................3

*Kokkonen v. Guardian Life Ins. Co. of Am.*,
  511 U.S. 375 (1994) ......................................................................................................... 1

*Lewis v. Cont'l Bank Corp.*,
  494 U.S. 472 (1990) ......................................................................................................... 2

*Lujan v. Defs. of Wildlife*,
  504 U.S. 555 (1992) ......................................................................................................... 4

*M.M.V. v. Garland*,
  1 F.4th 1100 (D.C. Cir. 2021) ......................................................................................... 8

*McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of the Jud. Conf. of the U.S.*,
  264 F.3d 52 (D.C. Cir. 2001) ...................................................................................... 2, 4

*Murthy v. Missouri*,
  603 U.S. 43 (2024) ........................................................................................................... 2

*NBC–USA Hous., Inc., Twenty–Six v. Donovan*,
  674 F.3d 869 (D.C. Cir. 2012) ....................................................................................... 7

*O'Shea v. Littleton*,
  414 U.S. 488 (1974) ......................................................................................................... 3

*Pharmachemie B.V. v. Barr Laboratories, Inc.*,
  276 F.3d 627 (D.C. Cir. 2002) ....................................................................................... 3

*Rhodes v. Stewart*,
  488 U.S. 1 (1988) ............................................................................................................. 7

*S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*,
  713 F.3d 175 (4th Cir. 2013) ......................................................................................... 4

*Sibley v. Macaluso*,
  955 F. Supp. 2d 57 (D.D.C. 2013), *aff'd in part*, 2014 WL 211219 (D.C. Cir. Jan. 9, 2014) ............... 5

*Skelly Oil Co. v. Phillips Petroleum Co.*,
  339 U.S. 667 (1950) ......................................................................................................... 6

*Spivey v. Barry*,
  665 F.2d 1222 (D.C. Cir. 1981) ..................................................................................... 6

*Thiebaut v. Colorado Springs Utils.*,
  455 F. App'x 795 (10th Cir. 2011) ................................................................................ 8

*TransUnion LLC v. Ramirez*,
  594 U.S. 413 (2021) ......................................................................................................... 2

*Transwestern Pipeline Co. v. Fed. Energy Regul. Comm'n*,
  897 F.2d 570 (D.C. Cir. 1990) ............................................................................................... 4

*U.S. Parole Comm'n v. Geraghty*,
  445 U.S. 388 (1980) ............................................................................................................... 2

*Wikimedia Found. v. Nat'l Sec. Agency*,
  857 F.3d 193 (4th Cir. 2017) ............................................................................................. 7, 8

**STATUTES**

28 U.S.C. § 2201 ............................................................................................................................ 6

**RULES**

Fed. R. Civ. P. 12 ..................................................................................................................... 1, 7

## INTRODUCTION

Plaintiff Alvaro Bedoya's formal resignation from his position as Commissioner of the Federal Trade Commission (FTC), *see* Pls.' Notice of Factual Development, ECF No. 46, deprives this Court of subject-matter jurisdiction over his claims because the relief that he seeks cannot remedy any injury he suffered.[1] Plaintiffs made a strategic choice to center their request for relief on reinstatement, whether by injunction or declaratory judgment. Bedoya's formal resignation from his position as Commissioner of the FTC renders such relief meaningless as to him—he cannot be reinstated to a position from which he has formally resigned. And because Bedoya has not been performing the duties of an FTC Commissioner during the period between his termination and his formal resignation, any order retroactively reinstating Bedoya for that period would have no real-world impact. Nor can Bedoya identify any other relief sought that would redress any injury that he suffered.

Accordingly, any opinion this Court issues on Bedoya's status as an FTC Commissioner following his termination on March 18, 2025, would be purely advisory. Whether assessed in terms of constitutional standing or constitutional mootness, Article III prohibits this Court from issuing such empty relief. Bedoya's claims therefore should be dismissed without prejudice for lack of subject-matter jurisdiction.

## LEGAL STANDARDS

A plaintiff bears the burden of demonstrating that the court has subject-matter jurisdiction over the case. *See Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). If the plaintiff fails to carry that burden at any time, the court must dismiss the action, including at the summary judgment stage. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-

---

[1] Defendants note that Bedoya was formally removed from his office on March 18, 2025, Compl. Ex. A, ECF No. 1-2, and has been unable to perform the duties of a Commissioner since that date, Compl. ¶ 37. Accordingly, Defendants' references to Bedoya's subsequent resignation on June 9, 2025, do not concede that Bedoya held his former office at any point after March 18, 2025.

1

matter jurisdiction, the court must dismiss the action."); *Auster v. Ghana Airways Ltd.*, 514 F.3d 44, 48 (D.C. Cir. 2008) ("When a court lacks subject matter jurisdiction, it must dismiss the case and not grant summary judgment.").

Article III standing is one element of subject-matter jurisdiction, as "Article III of the Constitution limits the jurisdiction of federal courts to 'Cases' and 'Controversies.'" *Murthy v. Missouri*, 603 U.S. 43, 56 (2024). It is well-established that "standing is not dispensed in gross," such that "'plaintiffs must demonstrate standing for each claim that they press' against each defendant, 'and for each form of relief that they seek.'" *Id.* at 61 (quoting *TransUnion LLC v. Ramirez*, 594 U.S. 413, 431 (2021)). Accordingly, for each claim brought by each plaintiff against each defendant, and for each form of relief sought, Plaintiffs must show "an injury that is 'concrete, particularized, and actual or imminent; fairly traceable to the challenged action; and redressable by a favorable ruling.'" *Id.* at 57 (quoting *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013)).

Another element of subject-matter jurisdiction is mootness. *See, e.g.*, *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 79 (2013). "If an intervening circumstance deprives the plaintiff of a 'personal stake in the outcome of the lawsuit,' at any point during litigation, the action can no longer proceed and must be dismissed as moot." *Id.* at 72 (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78 (1990)). And mootness, like standing, must be assessed "independently [for] each form of relief sought." *McBryde v. Comm. to Rev. Cir. Council Conduct & Disability Ords. of the Jud. Conf. of the U.S.*, 264 F.3d 52, 55 (D.C. Cir. 2001).

Standing and mootness are closely linked, as the "requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness).'" *Arizonans for Off. Eng. v. Arizona*, 520 U.S. 43, 68 n.22 (1997) (quoting *U.S. Parole Comm'n v. Geraghty*,

2

445 U.S. 388, 397 (1980)).[2] So the analysis under either framework is the same—whether this Court can provide meaningful relief to Plaintiff Bedoya. *See Hall v. CIA*, 437 F.3d 94, 99 (D.C. Cir. 2006) ("The rule against deciding moot cases forbids federal courts from . . . 'deciding questions that cannot affect the rights of litigants in the case before them.'") (quoting *Pharmachemie B.V. v. Barr Laboratories, Inc.*, 276 F.3d 627, 631 (D.C. Cir. 2002)).

## ARGUMENT

### I. Bedoya's Resignation Deprives this Court of Subject-Matter Jurisdiction to Issue Injunctive Relief as to Bedoya.

Because Bedoya has formally resigned his position as Commissioner of the FTC, this Court can no longer afford the purely prospective injunctive relief that Bedoya sought in the complaint. Specifically, Bedoya requested "an injunction against Defendants . . . ordering that they treat Plaintiffs as FTC Commissioners . . . and that these Defendants take no further actions to obstruct Plaintiffs carrying out their duties as Commissioners." Compl., Prayer for Relief ¶ c. Yet Bedoya chose to "formally resign his position as Commissioner," ECF No. 46 at 1, foreclosing such relief. Following his resignation, this Court cannot issue an injunction ordering Defendants to treat Bedoya as an FTC Commissioner, and no prospective injunctive relief can remedy any injury that Bedoya suffered while he was allegedly unlawfully terminated. *O'Shea v. Littleton*, 414 U.S. 488, 495–96 (1974) ("Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief . . . if unaccompanied by any continuing, present adverse effects.").

Indeed, Plaintiffs' Notice of Factual Development fails to identify any concrete injunctive relief that remains available for Bedoya. *See* ECF No. 46 at 1 (describing the relief that Bedoya

---

[2] While the Supreme Court later clarified that that characterization of mootness "is not comprehensive," the circumstances in which it does not obtain—for example, where "a defendant claim[s] that its voluntary compliance moots a case"—are not present here. *See Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000).

"continues to seek" as "including a declaratory ruling from this Court that the President's 'purported termination' . . . was 'unlawful' . . . as well as any related injunctive relief").

Nor is retrospective injunctive relief available. To start, Bedoya did expressly seek any such relief in his complaint and may not do so now. *See S. Walk at Broadlands Homeowner's Ass'n, Inc. v. OpenBand at Broadlands, LLC*, 713 F.3d 175, 184 (4th Cir. 2013) ("It is well-established that parties cannot amend their complaints through briefing or oral advocacy."). But even if he had, retrospective injunctive relief would not be available. Any order directing Defendants to treat Bedoya as if he had been employed following his termination would have no practical effect as there is no dispute that Bedoya "ha[s] been unable to fulfill [his] duties as [a] Senate-confirmed FTC Commissioner[]" following his termination on March 18, 2025. Compl. ¶ 37. That bell cannot be unrung.

Bedoya therefore cannot satisfy the redressability prong of Article III standing as to his claims for injunctive relief, and this Court lacks subject-matter jurisdiction to adjudicate those requests. *See Fla. Audubon Soc'y v. Bentsen*, 94 F.3d 658, 663-64 (D.C. Cir. 1996) (en banc) ("Redressability examines whether the relief sought, assuming that the court chooses to grant it, will likely alleviate the particularized injury alleged by the plaintiff."); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 568 (1992) (no standing where plaintiffs "failed to demonstrate redressability"). His claim for injunctive relief must therefore be dismissed. *Auster*, 514 F.3d at 48.

The same result obtains for the same reasons if this Court assesses its subject-matter jurisdiction to award Bedoya injunctive relief in terms of mootness. Because "events" have "outrun the controversy such that the court can grant no meaningful" injunctive "relief," that request for relief "must be dismissed as moot." *McBryde*, 264 F.3d at 55; *see also Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (en banc) ("Even where litigation poses a live controversy when filed, the doctrine [of mootness] requires a federal court to refrain from deciding it if 'events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of

4

affecting them in the future.'") (quoting *Transwestern Pipeline Co. v. Fed. Energy Regul. Comm'n*, 897 F.2d 570, 575 (D.C. Cir. 1990)).

Nor are any exceptions to mootness applicable here.  "This case does not fall within the 'capable of repetition, yet evading review' exception, because recurrence of the challenged activity will not 'evade review' should the parties' dispute recur." *Am. Bar Ass'n v. FTC*, 636 F.3d 641, 648 (D.C. Cir. 2011) (citation omitted).  To begin, the case as to Bedoya does not evade review because it was rendered moot by Bedoya's own voluntary action.  Bedoya could have ensured that his claims would be resolved on the merits by not formally resigning or by seeking monetary relief, as discussed *infra* Part III.  And in any event, Plaintiff Slaughter's continued involvement in this case illustrates that the legal issues presented by the President's termination of an FTC Commissioner can be resolved on the merits.  "Likewise, the 'voluntary cessation' exception to mootness has no play in this case," *Am. Bar Ass'n*, 636 F.3d at 648, because it is Bedoya's actions, not the actions of any Defendant, that prevent this Court from issuing meaningful injunctive relief.

## II. Bedoya's Resignation Precludes Declaratory Relief.

Because Bedoya cannot obtain meaningful injunctive relief, he also lacks standing to seek— and this Court therefore lacks jurisdiction to award—declaratory relief.  "Where the plaintiffs seek declaratory and injunctive relief, past injuries alone are insufficient to establish standing." *Dearth v. Holder*, 641 F.3d 499, 501 (D.C. Cir. 2011); *see also Sibley v. Macaluso*, 955 F. Supp. 2d 57, 67 (D.D.C. 2013) (same), *aff'd in part,* 2014 WL 211219 (D.C. Cir. Jan. 9, 2014).  That is because a declaratory judgment that past injuries were unlawfully inflicted does not, by itself, redress those injuries.  *See Golden v. Zwickler,* 394 U.S. 103, 109 (1969) (no Article III case or controversy where former congressman sought a declaratory judgment that a New York statute prohibiting anonymous handbills directly pertaining to election campaigns was unconstitutional because, although plaintiff had once been convicted under the statute, he was no longer a congressman subject to the law); *City of Los*

5

*Angeles v. Lyons*, 461 U.S. 95, 104 (1983).  To be sure, if Bedoya "were simply seeking damages," or backpay in this case, "for the harm done him in the incident, he surely would have standing."  *Haase v. Sessions*, 835 F.2d 902, 908 (D.C. Cir. 1987).  But he "seeks broad, sweeping declaratory relief; and it is for this reason that his allegations" fail to confer standing.  *Id.*

The Declaratory Judgment Act, 28 U.S.C. § 2201, does not alter this analysis.  The Supreme Court has long made clear that the Act does not expand a Court's jurisdiction to encompass actions that fail to satisfy the core case or controversy requirements of Article III.  *See Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72 (1950) ("'[T]he operation of the Declaratory Judgment Act is procedural only.' . . .When concerned as we are with the power of the inferior federal courts to entertain litigation within the restricted area to which the Constitution and Acts of Congress confine them, 'jurisdiction' means the kinds of issues which give right of entrance to federal courts. Jurisdiction in this sense was not altered by the Declaratory Judgment Act."); *see also* 28 U.S.C. § 2201(a) (authorizing the court to declare rights and other legal relations "[i]n a case of actual controversy within its jurisdiction").  Accordingly, a declaratory judgment is only available where such relief would affect the rights of the parties, which is not the case as to Bedoya here.  *See Ali v. Rumsfeld*, 649 F.3d 762, 778 (D.C. Cir. 2011) ("It is a well-established rule that the Declaratory Judgment Act is not an independent source of federal jurisdiction. Rather, 'the availability of [declaratory] relief presupposes the existence of a judicially remediable right.'") (citation omitted).  If that were not the case, then courts could declare past actions unlawful absent any claim for retrospective damages and nothing to remedy prospectively.  That would sanction impermissible advisory opinions.  *See Spivey v. Barry*, 665 F.2d 1222, 1235 (D.C. Cir. 1981) (dismissing case for lack of subject-matter jurisdiction where "a grant of declaratory relief would not achieve any useful objective").

Again, the same result obtains if this Court were to assess its jurisdiction to award Bedoya declaratory relief through the lens of mootness.  The D.C. Circuit has squarely held that, "if a plaintiff

6

has made no challenge to some ongoing underlying policy, but merely attacks an isolated agency action, then the mooting of the specific claim moots any claim for a declaratory judgment that the specific action was unlawful." *City of Houston v. Dep't of Hous. & Urb. Dev.*, 24 F.3d 1421, 1429 (D.C. Cir. 1994).³  Here, Bedoya's claim challenges his termination—an isolated executive action—not an underlying agency policy.  Any declaratory judgment that this Court issues would have no meaningful effect and Bedoya's request for a declaratory judgment is therefore moot.  *NBC–USA Hous., Inc., Twenty–Six v. Donovan*, 674 F.3d 869, 873 (D.C. Cir. 2012) ("Where an intervening event renders the underlying case moot, a declaratory judgment . . . affords the plaintiff[ ] no relief whatsoever.") (quoting *Rhodes v. Stewart*, 488 U.S. 1, 4 (1988)).

### III. Because Bedoya Seeks Only Injunctive and Declaratory Relief, which this Court Cannot Provide, His Claims Should Be Dismissed.

Plaintiff Bedoya made the strategic choice to seek reinstatement through injunction and declaratory relief rather than back pay, departing from the approach that most removed officers have taken historically, *see* Mem. in Supp. of Defs.' Cross-Mot. for Summ. J. & in Opp'n to Pls.' Mot. for Summ. J. at 18, ECF No. 32-1 (collecting examples).  That strategic decision afforded him certain benefits—for example, Plaintiffs sought expedited summary judgment on the basis that "prompt declaratory and injunctive relief" was necessary to redress "ongoing harm to Plaintiffs, the public, and those regulated by the FTC," Joint Status Report & Proposed Briefing Schedule at 2, ECF No. 24.  But now that Bedoya has formally resigned from his position as Commissioner of the FTC, it also carries certain costs—the relief sought as to Bedoya no longer meaningfully remedies any injury suffered, and is therefore outside the scope of this Court's Article III jurisdiction to award.

---

³ Again, that principle is subject to "the two exceptions to mootness—*i.e.*, voluntary cessation or capable of repetition yet evading review." *City of Houston*, 24 F.3d at 1429 (citations omitted).  For the same reasons that those exceptions are inapplicable to Bedoya's request for injunctive relief, *supra* pp. 4-5, they are inapplicable to his request for declaratory relief.

7

The proper course is therefore dismissal of Bedoya's claims without prejudice. *See* Fed. R. Civ. P. 12(h)(3); *Auster*, 514 F.3d at 48. And that remains the proper course notwithstanding this Court's exercise of jurisdiction over Plaintiff Slaughter's claims. *See Wikimedia Found. v. Nat'l Sec. Agency*, 857 F.3d 193, 216 (4th Cir. 2017) (each plaintiff seeking "individualized relief" must prove Article III standing); *M.M.V. v. Garland*, 1 F.4th 1100, 1110 (D.C. Cir. 2021) (same); *Thiebaut v. Colorado Springs Utils.*, 455 F. App'x 795, 802 (10th Cir. 2011) ("nothing . . . suggests that a court *must* permit a plaintiff that *lacks* standing to remain in a case whenever it determines that a co-plaintiff has standing").

## CONCLUSION

For these reasons, the Court should dismiss Plaintiff Bedoya's claims without prejudice for lack of subject-matter jurisdiction.

Dated: June 18, 2025                               Respectfully submitted,

                                                   BRETT SHUMATE
                                                   *Assistant Attorney General*

                                                   CHRISTOPHER R. HALL
                                                   *Assistant Branch Director*

                                                   EMILY HALL
                                                   *Counsel to the Assistant Attorney General*

                                                   TIBERIUS DAVIS
                                                   *Counsel to the Assistant Attorney General*

                                                   /s/ *Alexander W. Resar*
                                                   ALEXANDER W. RESAR
                                                   *Trial Attorney*
                                                   U.S. Department of Justice
                                                   Civil Division, Federal Programs Branch
                                                   1100 L Street, NW
                                                   Washington, DC 20530
                                                   Telephone: (202) 616-8188
                                                   Email: alexander.w.resar@usdoj.gov

                                                   *Counsel for Defendants*