UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, *et al.*,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-00909-LLA |

**DEFENDANTS' MOTION TO STAY THE COURT'S ORDER PENDING APPEAL**

Plaintiffs Rebecca Slaughter and Alvaro Bedoya filed suit on March 27, 2025, ECF No. 1, challenging the President's decision to remove them as Commissioners of the Federal Trade Commission ("FTC") earlier that month. On April 11, 2025, Plaintiffs moved for expedited summary judgment, seeking declaratory relief and a permanent injunction prohibiting Defendants from interfering with their roles as FTC Commissioners; alternatively, Plaintiffs sought the same relief through a writ of mandamus. ECF No. 20. Following the completion of briefing and oral argument, the Court issued an order and memorandum opinion on July 17, granting Plaintiff Slaughter's motion for summary judgment and denying Defendants' cross-motion for summary judgment. ECF No. 52 ("Order"); ECF No. 51 ("Op."). Specifically, the Court: (1) declared "that the purported removal of Ms. Slaughter from the Federal Trade Commission was unlawful under the Federal Trade Commission Act, 15 U.S.C. § 41 et seq., and is therefore without legal effect"; (2) declared "that Ms. Slaughter remains a rightful member of the Federal Trade Commission until the expiration of her Senate-confirmed term on September 25, 2029; and that she may only be removed by the President for 'inefficiency, neglect of duty, or malfeasance in office' pursuant to 15 U.S.C. § 41"; and (3) ordered

"that Defendants Andrew Ferguson, Melissa Holyoak, David Robbins, and their subordinates and agents are **ENJOINED** from removing Ms. Slaughter from her lawful position as FTC Commissioner or otherwise interfering with Ms. Slaughter's right to perform her lawful duties as an FTC Commissioner until the expiration of her term or unless she is lawfully removed by the President for 'inefficiency, neglect of duty, or malfeasance in office' pursuant to 15 U.S.C. § 41. This injunction accordingly requires Mr. Ferguson, Ms. Holyoak, Mr. Robbins, and their subordinates and agents to provide Ms. Slaughter with access to any government facilities, resources, and equipment necessary for her to perform her lawful duties as an FTC Commissioner during the remainder of her term." Order at 1-2 (emphasis in original).[1]

This relief constitutes an extraordinary intrusion into the President's authority. Accordingly, Defendants appealed the Court's order on July 17, 2025, *see* Notice of Appeal, ECF No. 53, and Defendants now respectfully move the Court to stay its order pending appeal.

"[T]he factors regulating the issuance of a stay are . . . (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987).

These factors weigh decisively in favor of a stay, as demonstrated by the Supreme Court's decision to stay two district court orders that, like this one, immediately reinstated principal executive officers. Specifically, on May 22, 2025, the Supreme Court granted a stay of orders from other courts in this district enjoining the President's removal of a member of the National Labor Relations Board (NLRB) and a member of the Merit Systems Protection Board (MSPB). *See Trump v. Wilcox*, No. 24A966, 605 U.S. ____ (2025) ("*Wilcox* Stay Order"). Similarly, on July 3, the D.C. Circuit granted a stay pending appeal of an order from another court in this district enjoining the President's removal

---

[1] In the same Order, the Court dismissed Plaintiff Bedoya's claims without prejudice, Order at 1, finding that Mr. Bedoya had in the interim resigned from his position as an FTC Commissioner (after his removal by the President but prior to the Court's decision) and holding on that basis that his claims had become moot. Op. at 7-8.

of a member of the Federal Labor Relations Authority (FLRA).  *See Grundmann v. Trump*, No. 25-5165 ("*Grundmann* Stay Order").  The Supreme Court and D.C. Circuit decisions in granting stays compel the same result here.

As to the first stay factor, Defendants have made a strong showing that they are likely to succeed on the merits.  Although the Supreme Court acknowledged in the *Wilcox* Stay Order that it would "not ultimately decide in this posture whether the NLRB or MSPB falls within . . . a recognized exception" to the general rule that the President "may remove without cause executive officers who exercise [executive] power on his behalf, subject to narrow exceptions," the Supreme Court explained that "[t]he stay reflects our judgment that the Government is likely to show that both the NLRB and MSPB exercise considerable executive power." *Id.* at 1.  And the Supreme Court's logic as applied to the NLRB and MSPB applies with equal force to the FTC, which wields as much or more executive power as those agencies.  Accordingly, Defendants have made a strong showing that they are likely to succeed on the merits.

This Court acknowledged the Supreme Court's stay in *Wilcox* in its summary judgment opinion, but concluded that "[w]hile the . . . stay 'reflect[ed] [its] judgment that the Government is likely to show that both the NLRB and MSPB exercise considerable executive power,' it 'd[id] not ultimately decide in this posture whether the NLRB or MSPB falls within . . . a recognized [removal-power] exception." Op. at 19 (quoting *Wilcox*, 145 S. Ct. 1415, 1415 (2025)).  Further, the Court noted that "the Supreme Court's stay order is not a decision on the merits[,]" and "expressly left the pivotal legal questions 'for resolution after full briefing and argument.'" *Id.* at 20.  (quoting *Wilcox*, 145 S. Ct. at 1415).  Finally, the Court emphasized that *Wilcox* did not specifically address the removal protections governing FTC Commissioners, concluding for that reason that "any suggestion that *Humphrey's Executor* [*v. United States*, 295 U.S. 602 (1935)] may not extend to other agencies cannot be read as an invitation to sidestep its application to the FTC."  *Id.* (emphasis added).

As explained in their summary judgment briefing, Defendants respectfully disagree with the Court's conclusion that the Supreme Court's stay in *Wilcox* does not compel summary judgment in their favor.  But in any event, as shown above, *Wilcox* and the D.C. Circuit's stay in *Grundmann*

3

reinforce that Defendants can show a strong likelihood of success on appeal, *Hilton*, 481 U.S. at 776, even if this Court was not persuaded that it should enter summary judgment for Defendants in light of *Humphrey's Executor*.

What is more, under the remaining stay factors, Defendants will be irreparably harmed absent a stay, such that the balance of the equities and public interest overwhelmingly favor a stay pending appeal. *See Nken v. Holder*, 556 U.S. 418, 435 (2009) (noting that the balance of equities and public interest factors merge in cases involving the government). Again, the Supreme Court explained in *Wilcox* that its "stay reflects our judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Wilcox* Stay Order at 1. That same analysis controls here, as a "district court should not disregard the strong pronouncements of the Supreme Court." *Newdow v. Bush*, 391 F. Supp. 2d 95, 107 (D.D.C. 2005). And even if this Court disagrees that *Wilcox* supports Defendants' argument on the merits at summary judgment, there is no basis for distinguishing the Supreme Court's assessment of the equities in the *Wilcox* Stay Order, which the D.C. Circuit again found "fully applies" in *Grundmann*, from those at play here. This Court's order is substantively identical to the orders the Supreme Court stayed in *Wilcox* (and the order the D.C. Circuit stayed in *Grundmann*) and thus effects the same harm on the Executive Branch. It should likewise be stayed pending appeal.

For these reasons, the Court should grant a stay of its order pending resolution of Defendants' appeal.

Dated: July 17, 2025

Respectfully submitted,

BRETT A. SHUMATE
*Assistant Attorney General*

CHRISTOPHER R. HALL
*Assistant Branch Director*

/s/ *Emily M. Hall*
EMILY M. HALL (D.C. Bar No. 1780317)
*Counsel to the Assistant Attorney General*
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave, NW
Washington, DC 20530
Telephone: (202) 307-6482
emily.hall@usdoj.gov

ALEXANDER W. RESAR
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, NW
Washington, DC 20530
Telephone: (202) 616-8188
Email: alexander.w.resar@usdoj.gov

*Counsel for Defendants*