UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| REBECCA KELLY SLAUGHTER, in her official and personal capacities, *et al.*,<br><br>*Plaintiffs,*<br><br>*v.*<br><br>DONALD J. TRUMP, in his official capacity as President of the United States, *et al.*,<br><br>*Defendants.* | Case No. 1:25-cv-00909-LLA |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO STAY
THE COURT'S ORDER PENDING APPEAL**

For the reasons stated in Defendants' opening brief, ECF No. 54, the Court should stay its order permanently enjoining Defendants from taking specified actions consistent with the President's March 27, 2025 removal of Plaintiff Rebecca Slaughter from the Federal Trade Commission ("FTC") pending Defendants' appeal of that order. Plaintiffs' response, ECF No. 56, offers no persuasive reason to do otherwise.[1]

To begin with, Defendants have shown a strong likelihood of success on the merits of their appeal. *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). True, as Plaintiffs argue, ECF No. 56 at 3, the Court's opinion accurately noted that neither the Supreme Court's stay in *Trump v. Wilcox*, No. 24A966, 605 U.S. ____ (2025) ("*Wilcox* Stay Order"), nor the D.C. Circuit's stay in *Grundmann v. Trump*, No. 25-5165 (July 3, 2025) ("*Grundmann* Stay Order"), constituted a decision on the merits of the

---

[1] Plaintiffs' response acknowledges the Court's holding that Plaintiff Alvaro Bedoya, having purportedly resigned several weeks after being removed as Commissioner by the President, lacked standing to continue as a plaintiff, as well as the Court's order dismissing his claims without prejudice for lack of jurisdiction. ECF No. 56 at 1 n.2.

1

underlying case. But even accepting the conclusion that the *Wilcox* and *Grundmann* Stay Orders do not govern final disposition of this case on the parties' cross-motions for summary judgment, they nonetheless support a finding that Defendants have shown a strong likelihood of success on the merits of their appeal. Indeed, those stay orders demonstrate that Defendants are at least as likely to succeed as the defendants in those cases, as the FTC exercises as much executive power as (if not more than) the agencies at issue in those cases—the National Labor Relations Board, the Merit Systems Protection Board, and the Federal Labor Relations Authority. This factor thus supports the issuance of a stay pending appeal.

Likewise as to irreparable injury: permitting Plaintiff Slaughter to exercise executive power as a Commissioner of the FTC pending Defendants' appeal would irreparably injure Defendants. As the Supreme Court emphasized in *Wilcox*, "[t]he stay also reflects our judgment that the Government faces greater risk of harm from an order allowing a removed officer to continue exercising the executive power than a wrongfully removed officer faces from being unable to perform her statutory duty." *Wilcox* Stay Order at 1. Seeking to distinguish *Wilcox*, Ms. Slaughter tries to cabin the Supreme Court's order to cases where the reinstated officer would tip the partisan voting balance on a multi-member board or commission statutorily required to have a partisan balance. ECF No. 56 at 4-5. But that finds no support in *Wilcox* itself, which did not restrict its application to those circumstances. Nor does it track the D.C. Circuit's discussion of the issue. In a parallel order staying a district court's reinstatement of members of the Privacy and Civil Liberties Oversight Board, the D.C. Circuit explained (without qualification regarding partisan voting balance) that "injunctions that require the President to work with removed principal officers interfere with his constitutional power to supervise the Executive Branch." *LeBlanc v. Privacy & Civil Liberties Oversight Bd.*, No. 25-5197 (July 1, 2025). That is precisely what this Court's order does, regardless of the Commission's current composition.

And even if *Wilcox* had the limitation Ms. Slaughter ascribes to it, it would not help her here: as with other multi-member agencies, FTC Commissioners not infrequently must recuse themselves from Commission decisions, which would alter the FTC's composition in such instances, and could even result in a 1-1 voting stalemate in a scenario where two Republican Commissioners were recused.[2] Moreover, individual Commissioners can exercise certain executive powers unilaterally; for example, a reinstated "Commissioner" Slaughter could issue a civil investigative demand without requiring concurrence from any other Commissioner. *See* 16 CFR § 2.7(a) ("any Commissioner may, pursuant to a Commission resolution, issue a subpoena, or a civil investigative demand, directing the recipient named therein to appear before a designated representative at a specified time and place to testify or to produce documentary material, or both."). For these reasons, Ms. Slaughter's efforts to distinguish *Wilcox*'s irreparable harm analysis are unpersuasive.

Finally, the balance of equities and the public interest support a stay pending appeal. The Supreme Court emphasized that the balance of harms favors Defendants in reinstatement cases like this one, *see Wilcox* Stay Order at 1-2, noting as well that "[a] stay is appropriate to avoid the disruptive effect of the repeated removal and reinstatement of officers during the pendency of this litigation." *Id.* at 2. In response, Plaintiffs assert a policy preference for having Democratic Commissioners serving on the FTC along with their Republican former colleagues. But that policy preference cannot outweigh the President's constitutional prerogative to control those who wield executive power. As

---

[2] Indeed, several Commission matters have generated multiple recusals just in the last year. For example, Chairman Ferguson was the only participating Commissioner in a vote to file an amicus brief in a Department of Justice case against Google. *See* https://www.ftc.gov/news-events/news/press-releases/2025/05/ftc-files-amicus-brief-dojs-proposed-final-judgment-against-google-antitrust-violations; *see also* https://www.ftc.gov/news-events/news/press-releases/2024/06/statement-commission-regarding-tiktok-complaint-referral-doj (Commission vote on referral of complaint to the Department of Justice with two Commissioners recused); https://www.ftc.gov/news-events/news/press-releases/2024/10/ftc-takes-action-against-marriott-starwood-over-multiple-data-breaches (Commission vote to issue administrative complaint and accept consent agreement with two Commissioners recused).

the Supreme Court emphasized in *Wilcox*—and as the D.C. Circuit reiterated in *Grundmann,* Stay Order at *1, and *LeBlanc*, Stay Order at *1-2—the order imposes greater risk of harm to Defendants than a stay would impose on Plaintiffs.

For these reasons, as well as those stated in Defendants' opening brief, the Court should grant a stay of its order pending resolution of Defendants' appeal.

Dated: July 23, 2025                                        Respectfully submitted,

                                                            BRETT A. SHUMATE
                                                            *Assistant Attorney General*

                                                            CHRISTOPHER R. HALL
                                                            *Assistant Branch Director*

                                                            /s/ *Emily Hall*
                                                            EMILY HALL
                                                            *Counsel to the Assistant Attorney General*
                                                            U.S. Department of Justice
                                                            Civil Division
                                                            950 Pennsylvania Ave, NW
                                                            Washington, DC 20530
                                                            Telephone: (202) 307-6482
                                                            Email: emily.hall@usdoj.gov

                                                            ALEXANDER W. RESAR
                                                            *Trial Attorney*
                                                            U.S. Department of Justice
                                                            Civil Division, Federal Programs Branch
                                                            1100 L Street, NW
                                                            Washington, DC 20530
                                                            Telephone: (202) 616-8188
                                                            Email: alexander.w.resar@usdoj.gov

                                                            *Counsel for Defendants*